Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| JOSÉ JUAN BABILONIA CHAPEL<br><br>Demandante Peticionario<br><br><br>v.<br><br><br>NOELIA ANGÉLICA SANTOS SIERRA<br><br>Demandada Recurrida | TA2026CE00704 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: AR2025RF00092 Sala: (Salón 2)<br><br>Sobre: Divorcio Ruptura Irreparable |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de junio de 2026.

Comparece José Juan Babilonia Chapel vía *certiorari* y solicita que revoquemos las *Órdenes* del Tribunal de Primera Instancia, Sala Superior de Utuado, emitidas el 18 de mayo de 2026 y el 21 de mayo de 2026. En dichos dictámenes, se confirmó el señalamiento de una vista de impugnación. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, y en lo pertinente al presente caso, el 30 de enero de 2025, el señor Babilonia Chapel presentó una demanda de divorcio por ruptura irreparable contra la señora Noelia Angélica Santos Sierra. En dicha demanda, el peticionario también solicitó custodia monoparental a su favor, toda vez que alegó que la madre de los dos (2) hijos menores compartidos entre ellos representaba ejemplos corruptores, además de

que no tenía la capacidad moral y el padre es quien era el que se ocupaba de los quehaceres del hogar y las cuestiones de los menores.

Luego de varios trámites procesales, el 22 de octubre de 2025, la Trabajadora Social Karla M. Tirado Lorenzana de la Unidad Social de Familia y Menores del Tribunal presentó su *Informe Social Forense* y en el cual recomendó, entre otros asuntos, que la custodia de los menores sea compartida entre ambos padres. Al día siguiente, el Tribunal recurrido concedió a las partes quince (15) días para informar al Tribunal sobre su posición en relación con si aceptan o no el contenido del informe y la recomendación presentada. Además, el foro les apercibió a las partes que el incumplimiento con el término descrito conllevaría la aceptación del *Informe Social Forense* y sus recomendaciones.

Acto seguido, el 11 de noviembre de 2025, la señora Santos Sierra le solicitó al Tribunal recurrido una prórroga de treinta (30) días para concretar la contratación de la Dra. Rowina Rosa Pimentel y el análisis correspondiente, además de que la representación legal de la recurrida había estado padeciendo de una condición de salud que no le permitía reunirse con su clienta. Luego de dicho foro conceder la prórroga, el 1 de diciembre de 2025, ordenó a la señora Santos Sierra notificar en cinco (5) días si todavía tenía la intención de contratar a un perito, a lo cual la recurrida respondió el 8 de diciembre de 2025 y alegó que había comenzado los esfuerzos de coordinación con la Dra. Rosa Pimentel para objetar la recomendación del *Informe Social Forense*.

En su oposición, el señor Babilonia Chapel argumentó que el escrito de la parte recurrida omitió contemplar (1) las partes específicas del informe con las que tiene inconformidad y los fundamentos para tal

inconformidad; (2) si la inconformidad versa sobre las recomendaciones y, de serlo, detallar con cuáles de estas no está de acuerdo de forma enumerada; y (3) si contratará un perito, con su nombre y acreditación de haber notificado su *curriculum vitae*. Ese mismo 8 de diciembre de 2025, el Tribunal de Primera Instancia ordenó que la señora Santos Sierra informara en quince (15) días si contratará a un perito.

A pesar del término establecido, el 8 de enero de 2026, la recurrida notificó al Tribunal recurrido que contrató a la Dra. Rosa Pimentel y solicitó autorización para divulgarle el informe. Concedida dicha autorización, el 19 de marzo de 2026 el señor Babilonia Chapel solicitó que el foro acogiera el *Informe Social Forense* o que acogiera las recomendaciones del informe de manera provisional y exigiera a la señora Santos Sierra que cumpliera con presentar una posición fundamentada en derecho, toda vez que habían pasado dos (2) meses desde que la Dra. Rosa Pimentel recibió el *Informe Social Forense* y cinco (5) meses desde que el referido informe fue presentado. Ante esto, el 13 de abril de 2026, el Tribunal recurrido ordenó a la señora Santos Sierra a notificar en o antes de diez (10) días si contratará a un perito y si continuará con la intención de impugnar el informe, ya que han pasado ya cuatro (4) meses y se emitido tres (3) órdenes sobre el asunto. Además, dicho foro apercibió a la parte recurrida que, si no contestaba dentro del término descrito, no podrá presentar un perito para la vista de impugnación del 3 de junio de 2026.

El 5 de mayo de 2026, el peticionario presentó una *Moción en Solicitud de Remedio Contra Orden en Torno a Impugnación a Informe Social Forense* y alegó que (1) el Tribunal recurrido le había concedido

a la parte recurrida múltiples oportunidades para fijar posición sobre su interés de impugnar el *Informe Social Forense*; y (2) los diez (10) días concedidos en la *Orden* del 13 de abril de 2026 vencieron el 23 de abril de 2026 sin que la recurrida fijara posición. Por tanto, el señor Babilonia Chapel solicitó que se acogiera el *Informe Social Forense*, toda vez que ninguna de las partes objetó al informe según instruidos. En respuesta, la señora Santos Sierra informó al Tribunal recurrido que esta optó por no utilizar un perito en la vista de impugnación del informe social, pero que, si deseaba impugnar partes de dicho informe, incluyendo las recomendaciones dispuestas por la trabajadora social.

Ante esto, el Tribunal de Primera Instancia emitió dos (2) *Órdenes*, la primera para tomar conocimiento de lo notificado por la recurrida y el segundo como respuesta a la moción del peticionario, indicando que "[l]a vista se señaló y posteriormente se reseñaló. [sic] [p]ara entrar a discutir y/o impugnar el informe sin perito". Una tercera *Orden* del referido foro ordenó a la Trabajadora Social Tirado Lorenzana a comparecer a la vista de discusión y/o impugnación del 24 de junio de 2026.

Insatisfecho con estas últimas tres (3) *Órdenes*, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al ordenar la celebración de una vista de impugnación de informe social a pesar de que el informe no fue impugnado oportunamente, con insuficiencia en las alegaciones, violando el derecho del padre a un debido proceso de ley y su derecho a tener a los menores a su cuidado, enmarcado en el derecho constitucional a la intimidad. Presentada la oposición de la parte recurrida y su solicitud de que le impongamos al

peticionario costas y honorarios por presentar un recurso frívolo, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones (4 LPRA. Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Así las cosas, de determinarse que el recurso de *certiorari* es frívolo o que se presentó para dilatar los procedimientos, el Tribunal de Apelaciones lo denegará e impondrá a la parte promovente o a su abogado las costas, los gastos, los honorarios y la sanción económica que estime apropiada. Regla 85 del Tribunal de Apelaciones, *supra*. Asimismo, alguna conducta constitutiva de demora, abandono, obstrucción o falta de diligencia conllevará la imposición de costas y sanciones económicas. Íd. Los dictámenes del foro apelativo deberán ser debidamente fundamentados. Íd.

Dicho esto, los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos

ante su consideración. *In re Collazo I,* 159 DPR 141 (2003). El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que nuestros jueces de instancia tengan gran flexibilidad y discreción para trabajar con el diario manejo y tramitación de los asuntos judiciales. Íd.; *Pueblo v. Vega, Jiménez*, 121 DPR 282 (1988). En tal sentido, procede que este Tribunal de Apelaciones se abstenga de intervenir con el manejo del caso efectuado por el Tribunal de Primera Instancia, salvo en presencia de prejuicio, parcialidad, craso abuso de discreción o error en la aplicación de una norma procesal o de derecho sustantivo. *Rivera y otros v. Banco Popular,* 152 DPR 140 (2000). Asimismo, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los "[c]riterios al determinar la expedición de un auto de certiorari" que debemos observar en estos casos.

Ahora bien, cuando se considere una solicitud de custodia en la que surjan controversias entre los progenitores en cuanto a la misma, el tribunal referirá el caso al trabajador social de Relaciones de Familia, quien consiguientemente realizará una evaluación y rendirá un informe con recomendaciones al foro adjudicador. Art. 7 de la Ley Núm. 223-2011 (32 LPRA sec. 3185). En cuanto a tal informe, nuestra jurisprudencia ha dictaminado que, para propósitos de impugnación, el requisito mínimo del debido proceso de ley exige que las partes tengan la oportunidad de examinar la prueba pericial adversa y contrainterrogar a los peritos que la produjeron. *Rentas Nieves v. Betancourt Figueroa*, 201 DPR 416 (2018). El que las partes tengan la oportunidad de examinar y tomar notas de algún informe social no es suficiente para cumplir con el debido proceso de ley, por lo cual dichas

partes deberán obtener una copia fiel y exacta de tal informe. Íd. De conformidad, las recomendaciones sobre custodia contenidas en el informe de la trabajadora social será uno de los factores a considerar por el Tribunal para hacer la determinación, pero no el único. Art. 8 de la Ley Núm. 223-2011 (32 LPRA sec. 3186). Esto es, el Tribunal siempre tendrá la discreción para determinar y adjudicar la custodia según el mejor interés y bienestar del menor a la luz de todas las circunstancias. Íd.

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al señalar una vista de impugnación. Nuestro ordenamiento deja meridianamente claro que el Tribunal recurrido tiene la discreción para adjudicar la custodia de un menor de forma que mejor proteja sus intereses y bienestar, lo cual conllevaría la evaluación de la totalidad de las circunstancias. Ante ello, no resulta abusivo que la señora Santos Sierra tenga la oportunidad para impugnar las recomendaciones del *Informe Social Forense* y, que de esta manera, dicho foro adquiera todos los argumentos y la evidencia necesaria antes de emitir su sentencia.

Igualmente, el Tribunal recurrido tiene la facultad de manejar su caso de la forma que más convenga a la ordenada administración del litigio y, por efecto, las varias oportunidades que el foro le concedió a la recurrida para responder a sus órdenes caen bajo este marco discrecional. Si bien reconocemos que el Tribunal recurrido pudo haber ejercido su discreción con mayor tiesura e incluido sanciones económicas al efecto, aún así no consideramos que desbordó el ámbito de su discreción.

Por otra parte, no vemos razón por la cual debamos imponerle al peticionario costas y honorarios, según solicita la parte recurrida. El presente recurso de *certiorari* conlleva una controversia sobre impugnación que, de su faz, no presenta alguna intención de dilatar los procedimientos ante el Tribunal de Primera Instancia, por lo cual resolvemos sin lugar a la referida petición de la señora Santos Sierra.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
